IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ALICE LEONNET,

      Plaintiff,

v.                                                            No. CIV 1:18cv1000 RB/JHR

SPROUTS FARMERS MARKET, INC.,
HAJJAR MANAGEMENT COMPANY, INC., and
ALAN WENTWORTH, MANAGER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Ms. Alice Leonnet (Plaintiff) was injured by a runaway cart in the parking lot of a Sprouts Farmers Market, Inc. (Sprouts). She filed suit in state court against Sprouts and Hajjar Management Company, Inc. (Hajjar), the company that owns and operates the parking lot outside the Sprouts store. Plaintiff later added Mr. Alan Wentworth as a defendant, a New Mexico resident who she thought managed the Sprouts location. Sprouts removed the lawsuit to this Court and argues that Plaintiff fraudulently joined Mr. Wentworth to defeat diversity jurisdiction. Sprouts has moved to dismiss Mr. Wentworth (and any manager Plaintiff might name). Plaintiff denies that she fraudulently joined Mr. Wentworth and has moved to file a Second Amended Complaint to correct the name of the general manager.

Having considered the submissions of the parties and the relevant law, the Court finds that Mr. Wentworth is an improper party, that Plaintiff did not fraudulently join the general manager, and that Plaintiff should be allowed to amend her complaint to join the correct general manager. Because the new manager is a New Mexico citizen, this case must be remanded to state court.

**I.     Background**[1]

On September 3, 2016, Plaintiff, a resident of New Mexico, was struck and injured by a runaway cart in the parking lot of Sprouts, a national grocery store chain. (Doc. 27-A (2d Am. Compl.) ¶¶ 1–2, 9.) The cart was dislodged from the shopping cart corral when another shopper pulled a cart from the corral and entered Sprouts. (*Id.* ¶ 10.) Plaintiff alleges that there is a defect in the design or operation of Sprouts's cart corral and/or entryway, in Sprouts's policies and procedures for controlling carts (or the lack thereof), and/or in the design of Hajjar's parking lot that allows shopping carts to be pulled loose and roll toward pedestrians in the parking lot. (*Id.* ¶ 11.) Plaintiff further alleges in her Second Amended Complaint that Sprouts, its general manager, and Hajjar all knew about these defects but took no action to correct the issues. (*See id.* ¶¶ 17–18.) Plaintiff asserts that Sprouts and its general manager have "control and authority over" the following:

> a. Where the carts were stored;
> b. How the entryway to the Store was monitored and managed;
> c. How the entryway was constructed or designed including the slope of that entryway;
> d. Whether the Store could or should place barriers or guides in the cart corral to mitigate the risk of runaway carts[; and]
> e. Whether Sprouts took any action to work with Defendant Hajjar to address the issue of [runaway] carts once such carts left the entryway and rolled into the parking lot.

(*See id.* ¶¶ 14–16.)

Plaintiff filed her original complaint against Sprouts and Hajjar in the Second Judicial District Court, County of Bernalillo, State of New Mexico, on August 12, 2018. (*See* Doc. 1-A.) Sprouts is a Delaware corporation with its principle place of business in Arizona. (*See* 2d Am. Compl. ¶ 3.) Hajjar is a Massachusetts corporation with its principle place of business in

---

[1] The facts are taken from Plaintiff's Second Amended Complaint. (*See* Doc. 27-A (2d Am. Compl.).)

Massachusetts. (*Id.* ¶ 4.) Plaintiff did not originally name Sprouts's general store manager as a defendant. (*See* Doc. 1-A.) She filed a notice of errata to correct the case caption on September 23, 2018, and an unopposed motion for the same purpose on September 26, 2018. *See Leonett* [sic] *v. Sprouts Farmers Market Inc.*, D-202-CV-201805970, Notice (N.M. 2d Jud. Dist. Ct., Sept. 23, 2018) & Mot. (N.M. 2d Jud. Dist. Ct., Sept. 26, 2018) (moving to correct Plaintiff's last name in the case caption). On October 2, 2018, counsel for Sprouts emailed counsel for Plaintiff to provide notice that Sprouts planned to remove the lawsuit to federal court. (*See* Doc. 28-A.) On October 3, 2018, Plaintiff filed her First Amended Complaint in state court and added Mr. Wentworth, who she believed was the general manager of Sprouts. (*See* Doc. 1-B (1st Am. Compl.) at 1 & ¶ 6.) Mr. Wentworth is also a resident of New Mexico. (*See id.* ¶ 6.)

Sprouts removed the lawsuit to this Court on October 26, 2018. (*See* Doc. 1.) Sprouts contends that Plaintiff fraudulently joined Mr. Wentworth to defeat diversity jurisdiction. (*See id.* at 3.) Sprouts moves to dismiss Mr. Wentworth because it asserts he was not the general manager at the time of the incident (*see* Doc. 7) and a motion to dismiss *any* manager on the basis of fraudulent joinder (*see* Doc. 6). Plaintiff opposes both motions and moves to amend her complaint to name the correct general manager (Mr. Nathan Garcia). (*See* Docs. 19; 20; 27.)

**II.     The Court will grant the motion to dismiss Mr. Wentworth as an improper party and deny the motion to dismiss on the basis of fraudulent joinder.**

    **A.     Mr. Wentworth is an improper party.**

Sprouts moves to dismiss Mr. Wentworth as an improper party pursuant to Federal Rule of Civil Procedure 21 because he was not general manager on the date of Plaintiff's accident. (*See* Doc. 7.) Sprouts submits the affidavit of Mr. Garcia, who is "employed by Sprouts Farmers Market in a supervisory capacity" and avers that Mr. Wentworth was not the manager of Sprouts on

3

September 3, 2016. (Doc. 7-A ¶¶ 1, 3.) While Plaintiff opposes the motion, she does so not because she believes Mr. Wentworth was the manager on September 3, 2016, but because Sprouts did not name the person who *was* the general manager at the time. (*See* Doc. 20.) Plaintiff tacitly acknowledges Sprouts's position, however, in removing Mr. Wentworth and naming Mr. Garcia as a defendant in her Second Amended Complaint. (*See* 2d Am. Compl. at 1.) Because Plaintiff has tacitly acknowledged that Mr. Wentworth was not the manager of Sprouts on the date of her accident, the Court will grant the motions to dismiss Mr. Wentworth under Rule 21.

**B.     Sprouts has not established fraudulent joinder.**

Alternatively, Sprouts moves to dismiss Mr. Wentworth and *any* manager Plaintiff might name on the basis that Plaintiff fraudulently joined the manager to destroy diversity. (*See* Doc. 6 at 3–15.) "A defendant may remove a case to federal court based upon diversity jurisdiction in the absence of complete diversity if a plaintiff joins a nondiverse party fraudulently to defeat federal jurisdiction." *McDaniel v. Loya*, 304 F.R.D. 617, 626 (D.N.M. 2015) (citations omitted). "[A] fraudulent joinder analysis [is] a jurisdictional inquiry," *id.* at 627 (quotation omitted), "and, thus, the Tenth Circuit instructs that the district court should 'pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available,'" *id.* (quoting *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964)). There must be evidence that the plaintiff joined the non-diverse party "without right" and "in bad faith." *Id.* (quoting *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)).

"To establish [fraudulent] joinder, the removing party must demonstrate either: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quotation omitted). "The defendant seeking removal bears a heavy burden of proving

4

fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff." *Id.* (quotation omitted).

1. **Sprouts has not established actual fraud.**

Noting that Plaintiff did not add Mr. Wentworth until she had notice that Sprouts intended to remove the lawsuit, Sprouts argues that Plaintiff did so solely to defeat diversity jurisdiction. (Doc. 6 at 13–14.) Sprouts argues that this demonstrates bad faith and establishes fraudulent joinder. (*See id.*) Sprouts cites *Myers v. Hertz Penske Truck Leasing, Inc.*, where the court found fraudulent joinder because the plaintiff named the non-diverse defendants in the factual allegations of his state court complaint but added them as defendants only after the case was removed to federal court and did not seek any further damages from them. *See* 572 F. Supp. 500, 502–03 (N.D. Ga. 1983). *Myers* is distinguishable, as Plaintiff added Mr. Wentworth before removal.

That Plaintiff added Mr. Wentworth only after she received notice of Sprouts's intent to remove could be construed as circumstantial evidence of bad faith. It is not enough, though, to meet Sprouts's heavy burden, particularly where the facts must be resolved in Plaintiff's favor. The Court must consider that Plaintiff intended to add a manger before she received Sprouts's email regarding removal. Indeed, Plaintiff responds that she "was simply attempting to ascertain the correct person to name . . . ." (Doc. 19 at 7.) Thus, Sprouts has failed to show actual fraud.

2. **Sprouts has not demonstrated that Plaintiff cannot establish a cause of action against *any* manager.**

Sprouts argues that Plaintiff has not alleged facts sufficient to show that any manager may be held liable for her injuries. (*See* Doc. 6 at 7.) In her First Amended Complaint, Plaintiff alleges that she was injured by a runaway cart because of a defect in the design or operation of the store, shopping cart corral, and/or the grade of the parking lot. (*See* 1st Am. Compl. ¶¶ 11–16.) Sprouts

5

contends that under New Mexico law, employees cannot be held "liable for the corporation's torts merely by virtue of the office they hold[,]" but only if the employee "directed, controlled, approved or ratified the activity that led to the injury . . . ." (Doc. 6 at 7 (quoting *Bejarano v. Autozone*, No. 2:12-CV-00598, 2012 WL 13080099, at *3 (D.N.M. July 24, 2012)).) Emphasizing the allegations regarding the grade of the parking lot, Sprouts maintains that its "managers have limited authority over the premises, and in this store location, Sprouts and their managers have *no* authority or control over the parking lot." (*Id.* at 8 (citing Doc. 6-D ¶¶ 4, 6).)

While it may be true that no Sprouts manager controls how the parking lot is graded, Plaintiff also alleges that her injuries were due in part to a defect in the design or management of the store or the shopping cart corral. (*See* 1st Am. Compl. ¶¶ 11–14; 2d Am. Compl. ¶ 11.) Sprouts argues that Plaintiff "has not alleged a single defect on the premises that . . . any . . . Sprouts manager[] had the expertise, qualification, or authority to correct." (Doc. 6 at 8.) Sprouts does not argue, however, that its managers do not have authority or control over maintenance or management of the store or shopping cart corral. (*See id.*) The Court finds that Plaintiff's allegations regarding the store and shopping cart corral present an issue of premises liability closer to the typical slip-and-fall case "that a store manager may have had the authority and responsibility to detect." (*See id.*) Sprouts has not met its burden to show, therefore, that Plaintiff may not maintain a claim against *any* manager.

### III. The Court will grant Plaintiff's motion to amend her complaint.

Having dismissed Mr. Wentworth as an improper party, the Court turns to Plaintiff's motion to amend to add Mr. Garcia, a resident of New Mexico.[2] Plaintiff contends that because

---

[2] The Court notes that neither party explicitly identified the *citizenship* of Plaintiff, Mr. Wentworth, or Mr. Garcia, but only their *residences*. (*See* 2d Am. Compl. ¶¶ 2, 5; Doc. 1 at 2–3.) Residence, alone, is normally insufficient to establish citizenship for diversity jurisdiction purposes. *See Siloam Springs Hotel, L.L.C. v.*

6

she only seeks to substitute one non-diverse defendant for another, the Court should analyze her motion using the liberal amendment standard of Federal Rule of Civil Procedure 15(a). (*See* Doc. 27 at 2 (discussing Fed. R. Civ. P. 15(a); *Triplett v. Leflore Cty., Okla.*, 712 F.2d 444, 446 (10th Cir. 1983)).) Sprouts argues that the Court must analyze Plaintiff's motion pursuant to 28 U.S.C. § 1447(e). (*See* Doc. 28 at 2–3.) Section 1447(e) provides: "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." Neither party offers controlling authority to support its position, and the Court can find no binding precedent entirely on point. The decision in *Portis v. Wal-Mart Stores, Inc.*, however, is instructive. *See* No. CIV.A. 07-0557-WS-C, 2007 WL 3086011 (S.D. Ala. Oct. 19, 2007).

In *Portis*, the plaintiffs sued Wal-Mart and a non-diverse manager in state court, and Wal-Mart removed the case, alleging fraudulent joinder of the manager. *See id.* at *1. The plaintiffs realized that they had named the wrong person as manager and acknowledged that his dismissal was appropriate. *See id.* "Contemporaneously with acknowledging that dismissal of [the improper manager] was appropriate, plaintiffs filed a Motion for Leave to Amend Complaint, seeking to amend their pleading" in part to name the correct manager (who was diverse) *and* a non-diverse assistant manager. *Id.* at *1–2. The Court used Rule 15(a) to grant in part the plaintiffs' motion to add the diverse manager. *Id.* at *2. Because adding the non-diverse manager would destroy diversity, however, the Court used Section 1447(e) to analyze that portion of the plaintiffs' motion to amend. *See id.* at *2–4. Similarly, here, Plaintiffs tacitly acknowledged that Mr. Wentworth was an improper party, and the Court dismissed him. Therefore, the joinder of Mr. Garcia will destroy

---

*Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015). As neither party disputes that Mr. Garcia's joinder will destroy diversity jurisdiction, however, the Court declines to enter an order to show cause on this issue and cautions the parties to be more specific in the future.

diversity and must be analyzed pursuant to Section 1447(e).

To determine whether to add a non-diverse defendant under Section 1447(e), the Court must first determine "whether the defendant to be added is a required and an indispensable party" under Federal Rule of Civil Procedure 19 and, if not, the Court then determines whether joinder is proper under Federal Rule of Civil Procedure 20's discretionary factors. *Hernandez v. Chevron U.S.A., Inc.*, 347 F. Supp. 3d 921, 969 (D.N.M. 2018) (discussing *McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008)). As the court found in *Hernandez*, a non-diverse party will never be required under Rule 19, because the Rule states that a required party is one "who is subject to service of process *and whose joinder will not deprive the court of subject-matter jurisdiction* . . . ." 28 U.S.C. § 1447(e); *see also Hernandez*, 347 F. Supp. 3d at 970–72 (discussing the conflict between Rule 19(a) and Section 1447(e)). As Mr. Garcia's joinder will necessarily deprive the court of subject-matter jurisdiction, he is not required under Rule 19. *See Hernandez*, 347 F. Supp. 3d at 970. As Plaintiff does not argue that Mr. Garcia is required, the Court finds she has waived this issue. (*See* Doc. 30.)

Rule 20 governs the permissive joinder of parties. Fed. R. Civ. P. 20. "In exercising [its] discretion, the district court 'typically considers several factors [including] whether the amendment will result in undue prejudice, whether the request was unduly and inexplicably delayed, [and whether it] was offered in good faith . . . .'" *McPhail*, 529 F.3d at 952 (quoting *State Distrib., Inc. v. Glenmore Distill. Co.*, 738 F.2d 405, 416 (10th Cir. 1984)). "If the district court determines that joinder is appropriate, § 1447(e) requires remand to state court. If the district court decides otherwise, it 'may deny joinder.'" *Id.* (quoting 28 U.S.C. § 1447(e)).

Regarding the first factor, Sprouts contends that Plaintiff will not be prejudiced if the Court does not allow joinder of Mr. Garcia, because if the Court "agree[s] that no Sprouts manager has

independent liability under the circumstances of this case, Plaintiff's [m]otion to amend could not be granted . . . ." (Doc. 28 at 7.) As the Court explained above, Plaintiff's allegations in her First Amended Complaint are sufficient to state a claim against the true manager, and she supplements those allegations in her Second Amended Complaint. Moreover, Plaintiff asserts that she will be prejudiced if the Court does not join Mr. Garcia, as she "will be forced to file a separate action in State court against Mr. Garcia[,]" necessitating "parallel proceedings and risk[ing] inconsistent results . . . ." (Doc. 30 at 3.) Sprouts does not contend that any defendant will be prejudiced if the Court allows joinder. (*See* Doc. 28 at 7–8.) The Court finds this factor weighs in favor of allowing joinder.

Sprouts does not argue that Plaintiff's motion was unduly delayed. (*See id.*) The Court finds the second factor also weighs in favor of allowing joinder, as no scheduling order has been entered in this case and there is no allegation of delay.

Regarding the third factor, Sprouts asserts that Plaintiff makes her amendment in bad faith to defeat diversity jurisdiction. (*Id.* at 4–7.) Sprouts again points to Plaintiff's First Amended Complaint, filed only one day after Plaintiff received notice that Sprouts intended to remove the lawsuit to federal court. (*Id.* at 6.) It also submits an email from Plaintiff's counsel, who states that if the Court denies the motion to amend, Plaintiff will "file a separate suit against Mr. Garcia in state court." (*See id.*; Doc. 28-C.) Sprouts contends that this is evidence of Plaintiff's "attempt to evade federal jurisdiction and frustrate the purpose of" Section 1447(e). (Doc. 28 at 6 (citations omitted).) Again, Plaintiff explained that she "was simply attempting to ascertain the correct person to name . . . ." (Doc. 19 at 7.)

Sprouts also contends that Plaintiff shows bad faith by setting out additional facts regarding Mr. Garcia's authority and control in her Second Amended Complaint, but not noting these

9

additions at the beginning of her brief. (*See* Doc. 28 at 4 (discussing 2d Am. Compl.; Doc. 27 at 5–6).) It is not unusual, however, for a plaintiff to buttress claims with additional factual allegations in an amended complaint, and the Court does not find this is evidence of bad faith. The Court finds the third factor also weighs in favor of joinder.

In sum, the Court finds that joinder is appropriate. "The Court will not deny joinder where [Plaintiff has] a valid claim against the additional defendant, the existing defendants will suffer little to no prejudice, and" Plaintiff had mistakenly named the wrong general manager in her state court complaint. *See Haynes v. Peters*, No. CIV 18-0945 JB\GJF, 2019 WL 1596576, at *13 (D.N.M. Apr. 15, 2019).

**IT IS THEREFORE ORDERED** that Defendant Sprouts's Motion to Dismiss Alan Wentworth and Any Manager of Sprouts Based on the Doctrine of Fraudulent Joinder and Supporting Memorandum Brief (Doc. 6) is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant Sprouts's Motion to Dismiss Alan Wentworth as an Improper Party (Doc. 7) is **GRANTED**;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 27) is **GRANTED** and this case is **REMANDED** to the Court of Bernalillo, Second Judicial District Court, State of New Mexico.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE